UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL W. TORRELL,<br><br>                Plaintiff,<br>    v.<br><br>TODD LOVELL,<br><br>                Defendant. | CASE NO. 3:25-cv-05406-DGE<br><br>ORDER DISMISSING COMPLAINT (DKT. NO. 7) AND DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 10) |

This matter comes before the Court on sua sponte review pursuant to 28 U.S.C. § 1915(a).

Plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis* (IFP), has submitted a complaint (Dkt. No. 7) and motion for a preliminary injunction (Dkt. No. 10). Plaintiff brings an Eighth Amendment claim for freedom from cruel and unusual punishment against three Defendants: 1) Todd Lovell, a Department of Corrections Officer; 2) Scott Roman, a Supervisor at the Port Angeles Department of Corrections Field Office; and 3) Tim Lang, the Secretary of the Washington State Department of Corrections. (Dkt. No. 7 at 3–4.) The events giving rise to

ORDER DISMISSING COMPLAINT (DKT. NO. 7) AND DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 10) - 1

his claim occurred "upon [his] release from prison; in June 2024." (*Id*. at 4.) Specifically, Plaintiff alleges that Lovell refused to allow him contact with his wife, who is his power of attorney; "directed [him] to be homeless for the entirety of [his] 12 months of supervision"; and "put a GPS [tracker] on [him]." (*Id*.) Likewise, in the motion for injunctive relief, Plaintiff alleges that Lovell is tracking him, harassing him, obstructing him from accessing his legal rights, and refusing to allow him to contact his wife. (Dkt. No. 10 at 1.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc ). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. "The Eighth Amendment prohibits cruel and unusual punishment *in penal institutions*." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (emphasis added). As many district courts have concluded, "an individual who is not [physically] 'in custody,' including a probationer or

parolee, cannot state an Eighth Amendment claim[.]" *Schlosser v. Elzea*, No. 3:19-CV-1380 (SRU), 2020 WL 887752, *5 (D. Conn. Feb. 24, 2020); *see also Ciccone v. Ryan*, No. 14-CV-1325 NSR, at *3 2015 WL 4739981 (S.D.N.Y. Aug. 7, 2015) ("At the time that the alleged Eighth Amendment violations occurred in this case, Plaintiff was on parole, not incarcerated or institutionalized. . . . Plaintiff's claims are . . . thus appropriately analyzed under the Fourteenth Amendment, not the Eighth"); *Sullivan v. Multnomah Cnty.*, No. 3:19-CV-00995-JGZ, 2021 WL 4248082 (D. Or. Sept. 17, 2021) (collecting cases and finding that courts within the Ninth Circuit have not applied the Eighth Amendment to "a person detained on a suspected probation or supervised release violation"); *Davies v. Espinda*, No. CV 20-00174 DKW-RT, 2020 WL 4340939, at *2 (D. Haw. July 28, 2020) (finding that because Plaintiff was detained awaiting a decision on revocation of probation, he could not make out an Eighth Amendment claim). Accordingly, Plaintiff has not stated a claim upon which relief can be granted, because his complaint is premised on events that occurred *after* he was released from prison.[1]

---

[1] Even if the Complaint is construed as referencing an alleged lack of medical care that occurred while Plaintiff was incarcerated, Plaintiff fails to state an Eighth Amendment claim because he does not identify a prison official who violated his constitutional rights. "Deliberate indifference [in violation of the Eighth Amendment] 'may appear when prison officials deny, delay or intentionally interfere with medical treatment[.]'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 302–03). Negligence or malpractice does not violate the Eighth Amendment. *Farmer*, 511 U.S. at 835. Plaintiff fails to plead *any* facts suggesting that a prison official was aware or should have been aware that Plaintiff was at risk of substantial harm and was deliberately indifferent to such harm. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Accordingly, the pleadings are too vague—even when construed extremely liberally—to plead an Eighth Amendment violation.

1  Accordingly, the complaint (Dkt. No. 7) fails to state a claim and is hereby DISMISSED
2  with leave to amend.  Plaintiff is directed to file an amended complaint within thirty days of the
3  publication of this Order.  The Clerk is directed to calendar this event.  The motion for a
4  preliminary injunction (Dkt. No. 10) is DENIED without prejudice and may be re-filed upon the
5  filing of an amended complaint that addresses the deficiencies identified herein.

6  Dated this 29th day of May, 2025.

David G. Estudillo
United States District Judge

ORDER DISMISSING COMPLAINT (DKT. NO. 7) AND DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 10) - 4