UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL W. TORRELL,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>TODD LOVELL,<br><br>　　　　　　　Defendant. | CASE NO. 3:25-cv-05406-DGE<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 16) AND MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 33) |

## I  INTRODUCTION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has submitted a motion for a temporary restraining order (TRO) and a motion for injunctive relief. (*See* Dkt. Nos. 16, 33.) For the foregoing reasons, the Court DENIES Plaintiff's motions for equitable relief as MOOT.

## II  BACKGROUND

**A. Procedural Background**

Plaintiff filed a motion to proceed *in forma pauperis* on May 9, 2025. (Dkt. No. 1.) The Court granted Plaintiff's motion (Dkt. No. 6) and subsequently dismissed his complaint with

1 leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 11.)  Plaintiff then filed an

2 amended complaint (Dkt. No. 12) and moved for a TRO (Dkt. No. 16).  The Court once more

3 reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined that, if construed liberally,

4 it appeared to state a claim.  (Dkt. No. 20.)  Accordingly, the Court directed the Clerk of the

5 Court to issue summons for Plaintiff to serve on Defendants and informed Plaintiff that he

6 needed to serve summons, the complaint, and the motion for TRO on Defendants before the

7 Court could review the TRO motion.  (*Id.*)  Plaintiff successfully served Defendant Lovell and

8 Lovell's counsel made an appearance on the record (Dkt. No. 24), but it appeared Plaintiff did

9 not serve any other Defendants.

10 On June 26, 2025, the Court issued a minute order informing Plaintiff that before the

11 Court could review his motion, he was required to serve summons, the complaint, and the motion

12 for the temporary restraining order on *all* Defendants.  (Dkt. No. 25.)  On July 10, 2025, the

13 Court issued a minute order reiterating this.  (Dkt. No. 30.)  Plaintiff then moved for injunctive

14 relief (Dkt. No. 33) and the Court once more issued a minute order about service of process that

15 also ordered Lovell to respond to the motion for injunctive relief.  (Dkt. No. 34.)  Plaintiff then

16 moved to amend his complaint (Dkt. No. 37) and moved for service by a marshal (Dkt. No. 38).

17 The Court granted Plaintiff's motions.  (Dkt. No. 39.)  Plaintiff's second amended complaint

18 alleges deliberate indifference and cruel and unusual punishment claims; First Amendment

19 Retaliation; violation of substantive and procedural due process under the Fourteenth

20 Amendment; and a *Monell* claim.  (Dkt. No. 40 at 3.)  On August 1, 2025, Lovell responded to

21 Plaintiff's motions for equitable relief.  (Dkt. No. 42.)

22     **B.  Factual Background**

23

24

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 16) AND MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 33) - 2

1         On January 12, 2023, Plaintiff pled guilty to one count of tampering with a witness, two
2    counts of felony violation of court order, and one count of gross misdemeanor violation of court
3    order domestic violence in Clallam County Superior Court.  (Dkt. No. 43 at 2.)  Plaintiff was
4    sentenced to twenty-two months in prison and twelve months of community custody.  (*Id*.)
5    Plaintiff was released from custody and supervised on community custody starting on June 1,
6    2024.  (*Id*. at 3.)  During his community supervision, Plaintiff was sanctioned multiple times for
7    failing to report, using controlled substances, absconding from supervision, contacting a
8    prohibited person, failing to abide by the rules of electronic monitoring, and failing to abide by
9    verbal directives.  (*Id*.)  His sanctions and the days he was unavailable for supervision were
10   tolled from the twelve months of community custody time.  (*Id*.)  Additionally, "[d]uring his
11   community supervision, [the Department of Corrections] modified Torell's community
12   supervision conditions to include having no contact with his wife, Julie Torell, and being
13   monitored by a GPS monitoring device because of Torell's absconding, risk to re-offend, and
14   risk to community safety."  (*Id*. at 4.)  Plaintiff's community supervision termination date
15   therefore changed multiple times.  (*Id*.)

16        On June 6, 2025, a tolling review was conducted to determine the termination date of
17   Plaintiff's community supervision.  (*Id*.)  The review indicated the termination date was July 27,
18   2025. (*Id*.)  On July 28, 2025, Defendant Lovell removed the GPS monitoring bracelet from
19   Plaintiff's ankle.  (*Id*.)  As of July 28, 2025, Plaintiff is no longer on community supervision.
20   (*Id*.)  He is no longer prohibited from contacting his wife or required to be on GPS monitoring.
21   (*Id*. at 5.)

### III    DISCUSSION

Plaintiff's motions for equitable relief are sparse and assert substantively the same argument.  They were both filed prior to the termination of his community custody.  Plaintiff argued that the Department of Corrections "failed to remove a GPS monitoring device from [his] body, effectively subjecting him to extrajudicial surveillance and harassment." (Dkt. No. 33 at 1) (*see also* Dkt. No. 16 at 2) ("Plaintiff's community custody [ended] . . . yet Defendant continues unlawful supervision, tracking via GPS, and retaliatory actions outside the scope of his authority.")  The TRO motion also took issue with the fact that Defendants "[d]enied marital contact with Plaintiff's spouse, Julie Torell." (Dkt. No. 16 at 2.)  Accordingly, Plaintiff requested: the removal of the GPS device (Dkt. Nos. 33 at 2, 16 at 4); an injunction preventing Lovell or any DOC official acting on his direction from contacting, monitoring, arresting, detaining or otherwise interacting Plaintiff (Dkt. No. 16 at 3–4); the injunction of "further tolling or manipulation of [Plaintiff's] release conditions" (Dkt. No. 33 at 2); and a declaration that "all post-July 17 custody" was void (Dkt. No. 33 at 2).  Plaintiff stated that he "suffer[ed] daily humiliation, duress, and fear due to the continued physical and psychological control of the GPS ankle monitor." (Dkt. No. 33 at 2.)

Because Plaintiff is no longer being supervised by the Department of Corrections, his motions for equitable relief are moot.  Article III of the Constitution empowers the federal courts to decide only "live cases or controversies." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).  "A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).  "An inmate's release from prison while his claims are pending generally will moot any claims for

injunctive relief relating to the prison's policies." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). The same principle applies to claims for declaratory relief. *Alvarez*, 667 F.3d at 1064. "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges." *Id*. Here, Plaintiff's motions are moot because Plaintiff has been removed from community supervision and is no longer subject to the policies he challenged. Additionally, Plaintiff has presented no evidence that any of his claims could feasibly succeed on the merits. *See Winter v. NRDC*, 555 U.S. 7, 20 (2008) (to obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits").

## IV    CONCLUSION

Plaintiff's motion for a TRO (Dkt. No. 16) and motion for injunctive relief (Dkt. No. 33) are both DENIED as moot.

Dated this 6th day of August, 2025.

David G. Estudillo
United States District Judge