UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL W. TORRELL, | CASE NO. 3:25-cv-05406-DGE |
| Plaintiff, | ORDER ON MOTION TO |
| v. | REQUIRE WRITTEN |
| | COMMUNICATIONS ONLY (DKT. |
| TODD LOVELL et al., | NO. 70) |
| Defendants. | |

This matter comes before the Court on Plaintiff's "Motion to Require Written Communications Only." (Dkt. No. 70.) For the reasons set forth herein, Plaintiff's motion is DENIED.

On January 23, 2026, Plaintiff filed a motion requesting the Court order that "all communications between Plaintiff and Defendants' counsel be conducted exclusively in written form." (*Id.* at 1.) Plaintiff states he is making the request to "preserve clarity of the record, prevent misunderstandings, and ensure fairness in light of [his] pro se status." (*Id.*) Specifically, Plaintiff states he has "experienced confusion" because of "overlapping legal matters and

ORDER ON MOTION TO REQUIRE WRITTEN COMMUNICATIONS ONLY (DKT. NO. 70) - 1

complex procedural issues" and asserts that written communications will ensure all Parties maintain a "clear and accurate record of statements, positions, and representations." (*Id.*)

Defendants responded to Plaintiff's motion on February 2. (Dkt. No. 71.) They oppose Plaintiff's motion because his requested relief would be "unduly cumbersome" and would not resolve the problems Plaintiff is experiencing. (*Id.* at 1.) They assert that while most of the communication between the Parties is indeed done in writing, there are some occasions, such as the joint status report, discovery conferences, depositions, and settlement discussions that require the Parties to speak in person. (*Id.* at 1–2.) Further, Defendant states that verbal communications are "memorialized in writing and jointly signed off," which ensures there will be "no preservation or clarity issues." (*Id.* at 2.)

Plaintiff requests this Court enter an order requiring the Parties exclusively communicate by writing but provides neither law nor facts to support this request. Local Civil Rule 1(c)(6) defines "Meet and Confer" as a "good faith conference *in person* or *by telephone* to attempt to resolve the matter in dispute without the court's involvement" (emphasis added). Many pretrial motions require the parties meet and confer, including motions for relief from a deadline (LCR 7(j)), motions for protective order (LCR 26(c)), and any discovery motions (LCR 37(a)(1)). The Court appreciates Plaintiff's desire to maintain a clear record but is unaware of any authority that permits it to modify the Local Rules or order that the Parties' conferral obligations may be met exclusively via written communication. The Court has also reminded the Parties of the importance of speaking in person to resolve discovery disputes. (*See* Dkt. Nos. 68, 69.) At least one court in this district has denied a similar request from a pro se plaintiff. *See McNae v. ARAG Ins. Co.*, Case No. 2:24-cv-00211-TL, 2025 WL 2579734, at *7 (W.D. Wash. Sept. 4, 2025) (denying the plaintiffs' request to waive the meet-and-confer requirement or order that all

ORDER ON MOTION TO REQUIRE WRITTEN COMMUNICATIONS ONLY (DKT. NO. 70) - 2

conferrals occur through written communication only because the plaintiffs provided no authority to excuse their obligations to discuss matters germane to their case with opposing counsel). And even though courts must construe pleadings liberally in favor of pro se litigants, "pro se litigants are [still] required to follow procedural rules." *Coleman v. Brand*, Case No. 3:23-cv-06135-DGE, 2024 WL 3346230, at *1 (W.D. Wash. July 9, 2024) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Accordingly, Plaintiff's request to require written communications only (Dkt. No. 70) is DENIED.

Dated this 18th day of February 2026.

David G. Estudillo
United States District Judge