UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL W. TORRELL,

                Plaintiff,

    v.

TODD LOVELL et al.,

                Defendants.

CASE NO. 3:25-cv-05406-DGE

ORDER ON MOTION FOR RELIEF
FROM ORDER (DKT. NO. 74)

Before the Court is Plaintiff's "Motion for Relief from Order," which Plaintiff asserts is brought pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 74.) For the reasons that follow, Plaintiff's motion is DENIED.

On January 23, 2026, Plaintiff filed a "Motion to Require Written Communications Only," in which he requested the Court order that "all communications between Plaintiff and Defendants' counsel be conducted exclusively in written form." (Dkt. No. 70 at 1.) Plaintiff made the request to "preserve clarity of the record, prevent misunderstandings, and ensure fairness in light of [his] pro se status." (*Id.*) The Court denied Plaintiff's motion on February 18,

ORDER ON MOTION FOR RELIEF FROM ORDER (DKT. NO. 74) - 1

2026, because Plaintiff provided no law or facts supporting his request, and further, the Local Civil Rules require parties to meet and confer "in person or by telephone" in certain situations, including in the context of discovery motions.  (Dkt. No. 72); *see also* LCR 1(c)(6), 37(a)(1).

On March 30, 2026, Plaintiff filed the instant motion, arguing he did not receive Defendants' response through the mail prior to the Court's ruling, because of a "failed or interrupted change-of-address request with the United States Postal Service."  (Dkt. No. 74 at 1.) Plaintiff states that because he did not timely receive Defendants' response to his motion, he was unable to review their arguments and submit a reply in support of his motion.  (*Id.* at 1–2.)  He requests the Court vacate its order denying his motion, re-note the motion, and allow Plaintiff an opportunity to review and reply to Defendants' response.  (*Id.* at 2.)

As a preliminary matter, the Court construes Plaintiff's motion as a motion for reconsideration brought under Local Civil Rule 7(h), because the order he seeks relief from is not a "*final* judgment, order, or proceeding[.]"  Fed. R. Civ. P. 60(b) (emphasis added); *see also Ballard v. Baldridge*, 209 F.3d 1160, 1161 (9th Cir. 2000) (internal citation and quotations omitted) ("A final order is a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").  Even construing Plaintiff's motion as brought under the correct rule, it is untimely.  *See* LCR 7(h)(2) ("The motion [for reconsideration] shall be filed within fourteen days after the order to which it relates is filed.").  The Court could deny Plaintiff's motion on these grounds alone.  *E.g.*, *Doe v. Washoe Cnty.*, Case No. 3:03-cv-00604-BES-VPC, 2007 WL 9719086, at *1 (D. Nev. Jan. 29, 2007) (finding that the district court did not need to reach the merits of the plaintiff's motion that was improperly brought under Rules 59 and 60 requesting reconsideration of a court order that did not "end the litigation on the merits").

ORDER ON MOTION FOR RELIEF FROM ORDER (DKT. NO. 74) - 2

Notwithstanding, the Court concludes that even looking to the merits of Plaintiff's motion, it must be denied.  Under the Local Rules, motions for reconsideration are "disfavored" and the party requesting reconsideration must show "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  LCR 7(h)(1); *see also Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").  Here, Plaintiff does not identify anything in the Court's order that amounts to a manifest error, nor does he identify facts or legal authority that could not have been brought to the Court's attention initially.  Instead, Plaintiff takes issue with a "failed or interrupted change-of-address request with the United States Postal Service[]" (Dkt. No. 74 at 1), which apparently prevented Plaintiff from filing a reply in support of his motion requesting written communications only.  While the Court can appreciate Plaintiff's challenges with the postal service, such challenges do not meet the "high standard" required for motions for reconsideration contemplated by the local and federal rules.  *See Millheisler v. Tacoma Sch. Dist. No. 10*, Case No. C19-5194RBL, 2020 WL 1042631, at *1 (W.D. Wash. Mar. 4, 2020) (denying motion for reconsideration on similar grounds).

Although the Court must construe pleadings liberally in favor of pro se litigants such as Plaintiff, "pro se litigants are [still] required to follow procedural rules." *Coleman v. Brand*, Case No. 3:23-cv-06135-DGE, 2024 WL 3346230, at *1 (W.D. Wash. July 9, 2024) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).  The Court again finds no reason to impose a requirement that all communications be made in writing only.

ORDER ON MOTION FOR RELIEF FROM ORDER (DKT. NO. 74) - 3

Accordingly, Plaintiff's "Motion for Relief from Order" (Dkt. No. 74) is DENIED.  The Parties are again reminded of the importance of speaking in person to resolve discovery disputes without resorting to Court interference.  (*See* Dkt. Nos. 68, 69, 74.)

Dated this 20th day of April 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR RELIEF FROM ORDER (DKT. NO. 74) - 4